UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE Z. ROBERTS,

    Plaintiff,

v.                                                                           Case No: 8:17-cv-1979-T-36JSS

DYCK O'NEAL INC.,

    Defendant.
_____/

# **O R D E R**

This cause comes before the Court upon Defendant Dyck O'Neal Inc.'s ("Defendant") Motion to Compel Plaintiff Charmaine Z. Roberts' ("Plaintiff") Compliance with the Court's Order Requiring Filing of a Case Management Report ("Motion") (Doc. 31). Plaintiff has not filed a response to the Motion and the deadline for filing a response has passed. The Court held a Telephonic Status Conference on June 29, 2018, and Plaintiff failed to appear. Doc. 35; Doc. 38. For the reasons described below, the Court will now grant Defendant's Motion to Compel.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*,[1] filed a Complaint against Defendant in this Court on August 21, 2017, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. On August 23, 2017, the Court entered a Related Case Order and Track Two Notice, providing that the action was designated as a Track Two Case in accordance with Local Rule 3.05, Middle

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

District of Florida. Doc. 2. That Order explained that pursuant to Local Rule 3.05, "counsel and any unrepresented party shall meet within sixty days after service of the complaint upon any defendant for the purpose of preparing and filing a Case Management Report." Doc. 2. The Court attached to the Order a copy of the Case Management Report form that the parties must utilize. Doc. 2.

Defendant was served with the Complaint on October 12, 2017. *See* Doc. 7. On February 5, 2018, the Court entered an Order to Show Cause directing Plaintiff to file a written response on or before February 19, 2018 indicating why this case should not be dismissed pursuant to Local Rule 3.10 for lack of prosecution due to the non-filing of a Case Management Report within the time prescribed by Local Rule 3.05(c)(2)(B). Doc. 19. On February 20, 2018, Plaintiff filed a Response to Order to Show Cause, alleging that Plaintiff's failure to submit a Case Management Report to the Court was due to Defendant's failure to respond to her proposed Case Management Report, sent to Defendant on October 17, 2017. Doc. 21, ¶¶ 3, 5-6. Plaintiff further alleged that she sent another proposed Case Management Report to Defendant subsequent to the Court's Order to Show Cause, but that Defendant did not respond to that document, either. Doc. 21, ¶ 5.

On February 23, 2018, Defendant filed a Motion for Leave to File Reply to Plaintiff's Response to Order to Show Cause. Doc. 23. The Court granted Defendant's Motion and on March 15, 2018 Defendant filed its Reply. Doc. 25; Doc. 26. Defendant alleged it had no record of a proposed Case Management Report from Plaintiff sent in October. Doc. 26, pp. 2-3. Defendant added that even if Plaintiff had sent such a proposed Report, doing so would not have satisfied Local Rule 3.05 which requires that the parties meet. Doc. 26, pp. 2-3. Defendant further alleged that it received Plaintiff's proposed Case Management Report sent in February, and that Defendant responded and proposed filing a Motion to Appear Telephonically at the Case Management

Conference given Plaintiff's New York residence and Defendant's counsel's location in Florida. Doc. 26, pp. 3-4. Defendant alleged that Plaintiff had not responded to Defendant. Doc. 26, p. 4.

On March 19, 2018, Plaintiff filed a "Response" to Defendant's Reply to Plaintiff's Response to Order to Show Cause. Doc. 28. On April 9, 2018, the Court entered an Order striking Plaintiff's reply for failure to comply with Local Rule 3.01(c).[2] Doc. 30. The Court reiterated, for the benefit of *pro se* parties, the requirement that the parties submit a Case Management Report. Doc. 30. The Court ordered the parties to conduct a Telephonic Case Management Conference on or before April 23, 2018 for the purpose of preparing and filing a Case Management Report on or before April 30, 2018. Doc. 30.

On April 26, 2018, Defendant filed the instant Motion. Doc. 31. The Motion, summarized below, sets forth the details of the parties' recent communications and explains Defendant's efforts to file an agreed Case Management Report. Doc. 31.

According to the Motion, the parties agreed to conduct a Case Management Conference on April 17, 2018 at 2:00 P.M. Doc. 31, p. 2. Prior to the scheduled Conference time, Plaintiff sent Defendant a fax cover sheet and draft Case Management Report which included "numerous areas stricken and the words 'Do Not Consent' in many places." Doc. 31, p. 4; Doc. 31, Exh. 2. Defendant attached Plaintiff's fax cover sheet and draft Case Management Report to the Motion as Exhibit 2. The fax cover sheet states: "Please take note of the corrected sections of the CMR Draft. We are willing to settle pursuant to 15 U.S.C. 1692K only! I will contact your office at 2:00 pm." Doc. 31, Exh. 2. As described in Defendant's Motion, Plaintiff's draft Case Management Report includes strikes through a number of the standard provisions and explanatory paragraphs of the Court's form Case Management Report. Doc. 31, Exh. 2.

---

[2] As the Court previously explained, Local Rule 3.01(c) provides that no party may file a reply or further memorandum beyond that allowed in Local Rule 3.01(a) and (b) without seeking and obtaining leave of court to do so. Doc. 30.

According to Defendant's Motion, the parties held the Telephonic Case Management Conference as scheduled. Doc. 31, p. 2. During the Conference, Plaintiff advised that she would not agree to large portions of the Case Management Report because she "believes applicable law does not require her to agree to discovery, mediation, trial etc." Doc. 31, p. 2. Plaintiff advised Defendant that "the only thing she will do is settle the case 'pursuant to 15 U.S.C.'" Doc. 31, p. 2.

Defendant's Motion alleges that after the Conference, Plaintiff sent Defendant a fax cover sheet and document which Plaintiff requested Defendant file with the Court. Doc. 31, p. 3. Defendant attached Plaintiff's fax cover sheet and document to the Motion as Exhibit 4. The fax cover sheet states: "Please take notice of the attached Judicial Notice to be filed with your ECF response to USDC MD FL on or before April 30, 2018." Doc. 31, Exh. 4. The attached document provides as follows:

> Charmaine Z. Roberts, Plaintiff/Consumer, files and demands this court take Judicial Notice of the following facts in this Consumer Complaint against Defendant pursuant to Article II of the Federal Rules of Evidence Rule 201.
> 1. The laws enacted by the United States Congress (Article III, Constitution for the United States of America), pursuant to 15 U.S.C. § 1692(k) (d), the "Fair Debt Collection Practices Act" (FDCPA), established Plaintiff/Consumer's "private right of action" to petition this court to enforce any liability created by this law for relief from violations by the Defendant.
> 2. The local rule of this court rule 3.05(c) (2) (B), Case Management Report, is repugnant to the language of the FDCPA, the clearest expression of Congressional will to protect Consumers from illegal debt collection. Plaintiff/Consumer <u>"does not consent"</u> to local rule 3.05(c) (2) (B), Case Management Report, that removes the federal protections of the FDCPA.
> 3. Plaintiff/Consumer in the Complaint against Defendant, a debt collector, has procured evidence of illegal debt collection and has sustained injury as a result of this illegal debt collection action by Defendant. This court must enforce civil liability for the damages/injuries sustained by Plaintiff/Consumer pursuant to 15 U.S.C. § 1692(k); as a matter of law.
> 4. Plaintiff/Consumer seeks actual damages of $35,000.00, additional damages of $1,000.00 and punitive damages of $500,000.00 for willful intent to collect an illegal debt, pursuant to 15 U.S.C. § 1692(k).
>                       Executed Pursuant to 28 U.S.C. § 1746

Doc. 31, Exh. 4.

On June 12, 2018, the Court entered a Notice of Telephonic Case Management Conference scheduled for June 29, 2018 at 10:30 A.M. Doc. 35. The Notice directed the parties to call the toll-free number provided and enter the provided access code and security code. Doc. 35 The Notice was mailed to Plaintiff at the address on file that she provided. The Court held the Telephonic Case Management Conference as Scheduled. Doc. 38. Counsel for Defendant appeared. Doc. 38. Plaintiff failed to appear. Doc. 38.

## II.     DISCUSSION

The Court has explained in three separate orders that the Local Rules of the Middle District of Florida require the filing of a Case Management Report. Doc. 2; Doc. 19; Doc. 30. A Case Management Report should have been filed in this case on or before December 26, 2017.[3] Nearly seven months later, no Case Management Report has been filed.

Most recently, the Court scheduled a Telephonic Case Management Conference to effectuate the filing of a Case Management Report by affording Plaintiff an opportunity to present her concerns or to ask questions of the Court. Doc. 35; Doc. 38. Plaintiff failed to appear for the Telephonic Case Management Conference. Doc. 38. By this Order, the Court will endeavor, for a final time, to explain to Plaintiff the requirements of a Case Management Report.

Based on the documents sent from Plaintiff to Defendant, it appears Plaintiff misunderstands the purpose of a Case Management Report. Doc. 31, Exhs. 2, 4. A Case Management Report is not a binding document. *Malibu Media, LLC v. Weaver,* No. 8:14-CV-1580-T-33TBM, 2016 WL 7666168, at *1 (M.D. Fla. Feb. 6, 2016). It certainly does not "remove" any "federal protections." Rather, it "is how the Court affords the parties an opportunity to provide

---

[3] Defendant was served on October 12, 2017. *See* Doc. 7. Accordingly, the last day the parties could have timely held the Case Management Conference was on December 11, 2017, and the last day the parties could have timely filed the Case Management Report was on December 26, 2017. *See* Doc. 2; L. R. 3.05(c)(2)(B).

5

input into the drafting of a Case Management and Scheduling Order." *Malibu Media, LLC*, 2016 WL 7666168, at *1. Upon consideration of the parties' Case Management Report, the Court will enter a Case Management and Scheduling Order that sets the schedule for litigation. *Id.* The Case Management Report and the Case Management and Scheduling Order do not reach the merits of Plaintiff's case but simply provide a "framework" for the Court to efficiently manage the case. *See Roper v. Bd. of Cnty. Comm'n. of Brevard Cnty.*, No. 6:06-cv-1551-Orl-19JGG, 2007 WL 4336170, at *6 (M.D. Fla. Dec. 7, 2007).

Local Rule[4] 3.05 prescribes the case management procedure to be followed in the Middle District of Florida. With respect to Track Two cases, Local Rule 3.05(c)(2)(B) provides that "[c]ounsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant …for the purpose of preparing and filing a Case Management Report . . . ." Local Rule 3.05(c)(2)(B) further provides that the "Case Management Report must be filed within 14 days after the meeting." The Case Management Report **shall** include: the dates and times of the meeting of the parties, a discovery plan, a final date for the filing of all motions, including motions for leave to file third party claims or join other parties, a statement concerning the intent of the parties regarding arbitration and mediation, dates by which the parties will be ready for a final pretrial conference and trial, and the signature of all counsel and all unrepresented parties either in a single document or duplicate originals. Local Rule 3.05(c)(2)(C)(i)-(viii) (emphasis added).

Plaintiff's failure to submit a Case Management Report is not "a mere technical violation" and has unnecessarily delayed this litigation and wasted judicial resources. *Roper*, 2007 WL 4336170, at *6. Continued failure by Plaintiff to comply with the Court's orders and to enter a

---

[4] The Local Rules, promulgated pursuant to the authority of 28 U.S.C. § 2071, apply to proceedings in this Court and supplement and complement the Federal Rules of Civil Procedure and other controlling statutes and rules of Court. Local Rule 1.1 (a), (b).

6

Case Management Report may result in dismissal of this action. *See id.* (citing *McIntosh v. Gauthier,* 182 Fed. Appx. 884, 887 (11th Cir. 2006)).

Accordingly, it is hereby **ORDERED:**

1. Defendant's Motion to Compel Plaintiff's Compliance with the Court's Order Requiring Filing of a Case Management Report (Doc. 31) is **GRANTED.**

2. Plaintiff and Defendant's counsel shall hold a second Telephonic Case Management Conference on or before **August 17, 2018** for the purpose of preparing and filing a Case Management Report.

3. Plaintiff shall file the parties' agreed Case Management Report with the Court on or before **August 27, 2018.**

4. Failure to file a Case Management Report within the time permitted will result in dismissal of this action, for lack of prosecution and failure to comply with court orders, without further notice from the Court.

**DONE AND ORDERED** in Tampa, Florida on July 27, 2018.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD AND UNREPRESENTED PARTIES